UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARCHIE SLATER | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| MARINE MANAGEMENT SERVICES, INC., CROWLEY MARINE SERVICES, INC., and SHELL EXPLORATION & PRODUCTION COMPANY | * | SECTION: |
| | * | MAGISTRATE: |

* * * * * * *

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes ARCHIE SLATER, a person of full age of majority and a resident of the State of Alabama, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, ARCHIE SLATER, at all times pertinent hereto, was a person of the full age of majority and resident of Opelousas, Louisiana.

III.

Made defendants herein are:

1. MARINE MANAGEMENT SERVICES, INC., a corporation with its principal place of business in Jacksonville, Florida and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

1

2.      CROWLEY MARINE SERVICES, INC., a corporation with its principal place of business in Jacksonville, Florida and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

3.      SHELL EXPLORATION & PRODUCTION COMPANY, a corporation with its principal place of business in Houston, Texas and said defendant was at all times pertinent hereto authorized to do and doing business within the State of Louisiana and the jurisdiction of this Honorable Court.

IV.

At all times pertinent hereto, defendants were the employer of Plaintiff, ARCHIE SLATER, and/or the owner and/or operator of the FPSO TURRITELLA, a vessel on which plaintiff was injured, operating on the navigable waters of the United States of America off the coast of Louisiana and within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, ARCHIE SLATER, was employed by the defendants as a seaman and member of the crew of the vessel on which he was injured and acting within the course and scope of his employment with said defendants.

VI.

On or about February 25, 2022, plaintiff was performing his assigned duties aboard the FPSO TURRITELLA, and was aboard an emergency rescue craft that was offloaded from the FPSO TURRITELLA while the vessel was conducting abandoned ship drills. The engine on the emergency rescue craft stalled causing the crew to become stranded in 4-6 foot swells. Suddenly and without warning, and due to the negligence of the defendants and/or the unseaworthiness of the vessels, while in the process of attempting to restart the vessel and catch lines from an assist

boat while being thrown about the vessel in the swells, the plaintiff was caused to sustain severe and disabling injuries.

VII.

Plaintiff was in no manner negligent.  On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the defendant, and its servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel on which plaintiff was employed, in one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;

2. Failure to warn the plaintiff;

3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessels;

4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessels;

5. Creation and maintenance of unseaworthy vessels, and failure to properly maintain the vessels;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy

condition, Plaintiff, ARCHIE SLATER, sustained severe bodily injuries, including but not limited possible ruptured and/or herniated discs and nerve damage, an injury to his groin, as well as other injuries to the bones, muscles, joints, tendons and other parts of his body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, ARCHIE SLATER, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, ARCHIE SLATER, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, ARCHIE SLATER, would show that on the above mentioned dates, he was injured while in the service of the Defendant's vessels. As a result, Defendant had a non-delegable duty to provide the Plaintiff, ARCHIE SLATER, with maintenance and cure benefits. The maintenance rate owed to Plaintiff, ARCHIE SLATER, by defendant is upon information and belief approximately $60.00 (SIXTY AND 00/100 DOLLARS) per day, or such other amount to which he is legally entitled.

XII.

Should it be determined that Defendant unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, ARCHIE SLATER, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

WHEREFORE, premises considered, Plaintiff, ARCHIE SLATER, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, ARCHIE SLATER, and against Defendant, MARINE MANAGEMENT SERVICES, INC., CROWLEY MARINE SERVICES, INC. and SHELL EXPLORATION & PRODUCTION COMPANY, in damages in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendant for maintenance and cure benefits, past, present, and future at a daily rate of SIXTY DOLLARS ($60.00) per day, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case, along with compensatory damages, attorney's fees, costs and exemplary/punitive damages which may become due for any willful, wanton, arbitrary, and/or capricious failure and/or refusal by the defendant to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a

reasonable attorney's fee, and all costs of these proceedings; and

       3.      For any and all other relief which the law and justice provide.

                                  RESPECTFULLY SUBMITTED:

                                  s/ David C. Whitmore
                              LAWRENCE BLAKE JONES  (7495)
                              DAVID C. WHITMORE  (17864)
                              BLAKE JONES LAW FIRM, LLC
                              701 Poydras Street, Suite 4100
                              New Orleans, Louisiana  70139
                              Telephone:  (504) 525-4361
                              Facsimile:  (504) 525-4380